**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| OLLIE FRANKLIN JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LAGO, INC.; GLORIA NARDINI; AND | ) |
| FRANCESCO NARDINI, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF REMOVAL**

Petitioners/Defendants, LAGO, INC. and GLORIA NARDINI, by and through their undersigned attorneys, pursuant to 28 U.S.C. § 1441, hereby give notice of removal of this action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois. In support of their Notice of Removal, Petitioners/Defendants state as follows:

1.      Petitioners are Defendants in an action commenced by Plaintiff in the Circuit Court of Cook County, Illinois, Law Division, styled *Ollie Franklin Jr. v. Lago, Inc.; Gloria Nardini; and Francesco Nardini,* Case No.  2015-L-007379 (the "State Court Action"). Such action was commenced by Plaintiff's Complaint, filed on July 20, 2015. (A true and correct copy of the Complaint is attached hereto as Exhibit "A" and made a part hereof.)

2.      The Complaint alleges that Petitioners/Defendants failed to provide to Plaintiff equal access to "Club Lago" and, therefore, violated the Americans With Disability Act, 42 U.S.C. § 12181, *et seq.* (the  "ADA") and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA"). The Complaint seeks a declaratory

judgment that determines that Petitioners'/Defendants' facility violated the ADA and the IHRA and seeks a permanent injunction pursuant to 42 U.S.C. § 12188(a) (2), 28 C.F.R. § 36.504(a) and 775 ILCS 5/10-102 requiring Petitioners/Defendants to make their facilities fully accessible for individuals with disabilities. Plaintiff also seeks punitive and actual damages, as well as a payment of his reasonable attorneys' fees, litigation expenses and costs. *See* Complaint.

3.       Petitioners/Defendants were served with the Summons and Complaint on or about July 30, 2015.

4.       The Notice of Removal is timely because it is being filed within thirty (30) days from the date Petitioners/Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

## GROUND FOR REMOVAL

5.       Removal is proper pursuant to 28 U.S.C. § 1441 because it presents a federal question under a federal statute.

6.       Specifically, Plaintiff alleges that Petitioners/Defendants purportedly violated Title III of the ADA and seeks injunctive relief pursuant to 42 U.S.C. § 12188. *See* Complaint at pp. 5-7.

7.       Therefore, this Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and it may be removed pursuant to 28 U.S.C. § 1441.

## COMPLIANCE WITH REMOVAL PROCEDURES

8.       Petitioners/Defendants complied with all of the procedural requirements set forth in 28 U.S.C. § 1446.

9. <u>Removal is Timely.</u> The Notice of Removal is timely because it is being filed within thirty (30) days from the date Petitioners/Defendants were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

10. <u>Removal to Proper Court.</u> Venue is proper pursuant to 28 U.S.C. §§1441(a) and 1446(a) because the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where the State Court Action was originally commenced.

11. <u>Notice.</u> A copy of the Notice of Removal will be timely filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiff's counsel pursuant to 28 U.S.C. §1446 (d).

*12.* *<u>Pleadings and Process</u>*. Attached as Exhibit "A" is a copy of the Complaint and Summons – the only documents received by Petitioners/Defendants in this case. *See 28 U.S.C. § 1446(a)*.

13. <u>Consent</u>. Petitioners/Defendants, Lago, Inc. and Gloria Nardini, are the only living Defendants. Francesco Nardini passed away before the initiation of the State Court Action.

14. <u>Signature</u>. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. §1446(a).

15. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

16. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Petitioners/Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

17.     For the reasons stated above, Petitioners/Defendants hereby remove this case from the Circuit Court of Cook County, Illinois, to this Court.

WHEREFORE, for the above reasons, Petitioners/Defendants, LAGO, INC. and GLORIA NARDINI, remove this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, and respectfully request that this Court exercise jurisdiction over this matter.

Respectfully submitted,

**LAGO, INC.** and
**GLORIA NARDINI,**
Petitioners/Defendants

By: ____*/s/ Daniel J. Voelker*_____
            One of Their Attorneys

Daniel J. Voelker, Esq.
Olga S. Dmytriyeva, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Suite 500
Chicago, Illinois 60654
T:  (312) 870-5430
F:  (312) 870-5431
dvoelker@voelkerlitigationgroup.com
olga@voelkerlitigationgroup.com

Dated: August 3, 2015

# EXHIBIT "A"

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS    (2/18/11) CCG N001 |

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

COUNTY DEPARTMENT, _____LAW_____ DIVISION

OLLIE FRANKLIN JR.

No. 2015-L-007379

-------------------------------------------------------
(Name all parties)

v.

Defendant Address:

FRANCESCO NARDINI

FRANCESCO NARDINI
331 W. SUPERIOR ST.
CHICAGO, IL 60654
-------------------------------------------------------

**Summons**

To each Defendant:  ☑ SUMMONS   ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ____801____ ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: ____44190____

Name: ____STEELE LAW FIRM LLC____

Atty. for: ____OLLIE FRANKLIN JR.____

Address: ____500 MICHIGAN 600____

City/State/Zip: ____CHICAGO, IL 60611____

Telephone: ____(312) 396-4154____

WITNESS, Monday, 20 July ____ , 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____ , _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)      (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
CALENDAR: D
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – LAW DIVISION

|  |  |
|---|---|
| OLLIE FRANKLIN JR., <br><br> *Plaintiff,* <br><br> v. <br><br> LAGO, INC.; GLORIA NARDINI; AND FRANCESCO NARDINI, <br><br> *Defendants.* | Case No. _____ <br><br><br> **COMPLAINT** |

Plaintiff Ollie Franklin Jr., by and through the undersigned counsel, brings this action against Defendants Lago, Inc., an Illinois business corporation; Gloria Nardini, trustee of the Gloria Nardini Trust; and Francesco Nardini, trustee of the Gloria Nardini Trust, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA") and alleges as follows:

### INTRODUCTION

1.     Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the restaurant known as "Club Lago", even though such removal is readily achievable.

2.     The violations alleged in this complaint occurred at "Club Lago", located at 331 W Superior Street, Chicago, IL 60654.

3.     Defendants' failure to provide equal access to "Club Lago" violates the mandate of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

- 1 -

4.      Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendant Lago, Inc. was given advance notice that its facilities contained accessibility barriers through a letter sent on May 13, 2015, prior to the initiation of the instant suit for relief. Despite being given notice, Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5.      Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

## JURISDICTION AND VENUE

6.      This is an action for declaratory and injunctive relief, pursuant to Title III of the ADA, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court has concurrent jurisdiction over the federal cause of action and has original jurisdiction over the state cause of action pursuant to 775 ILCS 5/10-102.

7.      Venue in this judicial district is proper pursuant to 735 ILCS 5/2-101 because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8.      Plaintiff Ollie Franklin Jr. is a resident of the city of Chicago, Illinois. Plaintiff Franklin suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA, 775 ILCS 5/1-103(I).

9.      Plaintiff Ollie Franklin Jr. suffers from psoriatic arthritis. He is substantially limited in performing several major life activities, including but not limited to walking and

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 2 of 9

- 2 -

standing. He is forced to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10.     Defendant Lago, Inc., an Illinois business corporation, is the operator of the real property and improvements which are the subject of this action, the restaurant "Club Lago", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 331 W Superior Street, Chicago, IL 60654.

11.     Defendants Gloria Nardini and Francesco Nardini are the trustees for Gloria Nardini Trust, the owner of the real property and improvements which are the subject of this action, the restaurant "Club Lago", a place of public accommodation within the meaning of the ADA and ILCS, located at the street address of 331 W Superior Street, Chicago, IL 60654.

## FACTUAL BACKGROUND

12.     On or around May 6, 2015 Plaintiff Franklin attempted to visit "Club Lago", which is located approximately six city blocks from his apartment.

13.     Upon arrival, Plaintiff Franklin could not find an accessible entrance into the restaurant.

14.     The front entrance had two steps approximately three inches in height between the sidewalk and the front door with no ramped alternative to the steps. A photograph in Exhibit A to this Complaint shows the front entrance to "Club Lago".

15.     No signage indicated the existence of an accessible entrance or a route to an accessible entrance from the inaccessible front entrance.

16.     At the top of the step between the sidewalk and the front door, Plaintiff Franklin would have had insufficient maneuvering space to open the door and enter the restaurant, had he been able to climb the eight-inch steps.

17.     In light of the architectural barriers at "Club Lago", Plaintiff Franklin is deterred from visiting "Club Lago" in the future. He is unable to enter "Club Lago". Plaintiff Franklin

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 3 of 9

- 3 -

would like to be able to patronize "Club Lago", but these architectural barriers deter him from doing so. He plans to return and patronize "Club Lago" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

18.     Plaintiff Franklin attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA and IHRA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA and IHRA, Plaintiff Franklin cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

19.     Defendants have discriminated against Plaintiff Franklin on the basis of his disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "Club Lago". A specific, though not exclusive, list of unlawful physical barriers and ADA violations present at "Club Lago" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 4 of 9

   a.   "Club Lago" does not have an accessible entrance, in violation of ADAAG 206.4.1.

   b.   To the extent that "Club Lago" has an accessible entrance, the entrance was not marked as accessible, in violation of ADAAG 216.6.

   c.   To the extent that "Club Lago" has an accessible entrance, the route from the inaccessible entrance to the accessible entrance (if any), was not marked with directional signage, in violation of ADAAG 216.6.

   d.   The exterior approach to the entrance door of "Club Lago" lacks level maneuvering clearance at least 60 inches deep, in violation of ADAAG 404.2.4.

- 4 -

20.    The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff or which exist at "Club Lago".

21.    In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Club Lago" in order to photograph and measure all such barriers to access and violations of the ADA and the ADAAG and the ILCS.

22.    Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b). Even if installing a permanent ramp would not be readily achievable, Defendants could comply with federal standards by employing a portable ramp. § 28 C.F.R. 36.304(e).

23.    As a person with a disability, Plaintiff Franklin has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

24.    Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Club Lago" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 5 of 9

### FIRST CAUSE OF ACTION
### Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*

25.    Plaintiff incorporates and realleges the above paragraphs.

26.    Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

- 5 -

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

27.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

28.    Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Franklin has been denied full and equal access to "Club Lago" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

29.    Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

30.    Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

31.    Plaintiff Franklin plans to visit "Club Lago" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Club Lago" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

32.    This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Club Lago" readily accessible to and

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 6 of 9

- 6 -

independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "Club Lago" until such time as Defendants cure the access barriers.

33.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

34.     Plaintiff incorporates and realleges the above paragraphs.

35.     775 ILCS 5/5-102 provides:

36.     It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

37.     Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Franklin has been denied full and equal access to "Club Lago" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

38.     Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

39.     Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Franklin, even though removing the barriers is readily achievable.

40.     Plaintiff Franklin plans to visit "Club Lago" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Club Lago" unless and until Defendants are required to remove the physical barriers to access and

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 7 of 9

- 7 -

ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

41.     This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Club Lago" readily accessible to and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "Club Lago" until such time as Defendants cure the access barriers.

42.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102

**WHEREFORE**, Plaintiff respectfully requests:

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 8 of 9

   a.  That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG and the IHRA.

   b.  That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) and 775 ILCS 5/10-102 enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the IHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

   c.  That the Court award Plaintiff actual and punitive damages to be paid by Defendants pursuant to 775 ILCS 5/10-102(C)(1).

- 8 -

d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205. 28 C.F.R. § 36.505 and 775 ILCS 5/10-102(C)(2), or as otherwise provided by law; and

e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the IHRA.

DATED: July 20, 2015

/s/ John Steele
John L. Steele (# 44190)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 9 of 9

- 9 -

ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
CALENDAR: D
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

# EXHIBIT A





ELECTRONICALLY FILED
7/20/2015 2:18 PM
2015-L-007379
PAGE 2 of 2