UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ollie Franklin, Jr., <br><br> *Plaintiff*, <br><br> v. <br><br><br> Lago, Inc., et al. <br><br> *Defendants*. | Case No. 1:15-cv-6780 <br><br><br> Hon. Judge Thomas M. Durkin |

**PLAINTIFF'S PROPOSED INITIAL STATUS REPORT**

     Plaintiff has attempted unsuccessfully to reach counsel for Defendant to prepare a Joint Initial Status Report.  In order to comply with this Court's August 13, 2105 order directing that a status report be filed by September 16, 2015, Plaintiff submits his own Initial Status Report.

1. **Nature of the Case**

    a. Attorneys of record

        Attorney for Plaintiff
        John Steele
        Accessibility Law Group
        500 Michigan Ave., Suite 600
        Chicago IL 60611
        (312) 396-4154

        Attorney for Defendant
        Daniel J. Voelker
        Voelker Litigation Group
        311 W. Superior St., Suite 500
        Chicago, IL 60654
        (312) 870-5430

    b. Basis for federal jurisdiction.

This Court has jurisdiction of this matter under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57.

c. Nature of the claims and any counterclaims.

Plaintiff is a person with a disability as defined by the ADA, 42 U.S.C. § 12102(2) and Defendant Lago, Inc. is an Illinois business and a place of public accommodation within the meaning of the ADA. Defendant Gloria Nardini and Francisco Nardini are trustees for the Gloria Nardini Trust, which owns the real property at 331 W. Superior Street, Chicago IL 60654. Club Lago operates their business from the 331 W. Superior location. Plaintiff is alleging in his complaint that Defendants have discriminated against Plaintiff within the meaning of the ADA in that Defendants have failed to remove architectural barriers even though removal of those barriers is readily achievable or, in the alternative, have failed to adopt lessor measures, even though doing so is readily achievable.

There are no counterclaims.

d. Relief sought by Plaintiff

Plaintiff seeks the following relief:

1. That this Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title II of the ADA.

2. That this Court issue a permanent injunction, pursuant to 42 U.S.C. § 121889a)(2), and 28 C.F.R. § 36.504(a) enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable

2

alterations to their facilities so as to remove physical barriers to access and make their facilities full accessible to those covered under Title III of the ADA.

    3.      That the Court award Plaintiff his reasonable attorney's fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505, or as otherwise provided by law.

**2. Pending Motions and Case Plan**

a. Any pending motions.

None

b. Proposed discovery plan

i. General type of discovery needed: depositions, written interrogatories and requests for production.

ii. Rule 26(a) disclosures due by September 21, 2015. Plaintiff will have already provided his initial Rule 26(a) disclosures by the case management hearing on September 21, 2015.

iii. Written discovery is permitted as of September 21, 2015.

iv. Fact discovery to be completed by February 1, 2016

v. Expert discovery completion date of March 1, 2016

vi. Status hearing regarding dispositive motions set for April 2016.

vii. The parties do not believe expert for damages is necessary.

c. E-Discovery

i. Discovery will encompass electronically stored information. Parties to provide as part of their written request for production, any requests for electronic information relevant to the claims in this matter.

ii. The parties do not anticipate any electronic discovery disputes and parties agree to submit any electronic discovery disputes to a mediator from the E-Mediation Panel.

d. A jury trial is not requested.

**3. Consent to Proceed Before a Magistrate Judge**

a. The parties do not consent to proceed before a magistrate judge.

**4. Status of Settlement Discussions**

a. Settlement discussions have occurred, and are currently at an impasse.

b. Plaintiffs requests a settlement conference before the Magistrate Judge assigned to the case.

DATED: September 16, 2015              Respectfully submitted,

/s/ John Steele
John L. Steele (# 6292158)
ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154